PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ÁNGEL M. MARÍN, Defendant and Appellant.

No. 734J.—Argued January 25, 1939. Decided April 21, 1939.

*Antonio Lens Cuena* and *E. Pérez Casalduc* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Sections 1 and 2 of Act No. 63 of 1931 (Session Laws, p. 414) "To prohibit the sale, storage or transportation of adulterated, misbranded, poisonous, or deleterious foods and drugs or medicines, and for other purposes," in the part pertinent to this case read as follows:

"Section 1.—The term 'food', as used herein, shall include all articles used for food, drink, confectionary, or condiment by man, whether simple, mixed or compound. The term 'drug' shall include all medicines and medicinal preparations recognized in the United States Pharmacopoeia or National Formulary for internal or external use, and any substance or mixture of substances intended to be used for diseases of man and of domestic animals.

"Section 2.—For the purposes of this Act, an article shall be deemed to be adulterated—

"(a) In case of drugs;

"(1) If, when a drug is sold under or by a name recognized in the United States Pharmacopoeia or National Formulary, it differs from the standard of strength, quality, or purity, as determined by the test laid down in the United States Pharmacopoeia or National Formulary official at the time of investigation; *Provided,* That no drug defined in the United States Pharmacopoeia or National Formulary shall be deemed to be adulterated if another standard is plainly stated on the label thereof, although said standard may differ from that determined in the United States Pharmopoeia or National Formulary.

"(2) If its strength or purity falls below the professed standard or quality under which it is sold.

"(b) In the case of confectionery:

"(1)          *          *          *          *          *          *          *"

The information which is the object of this appeal set up—

"The district attorney hereby charges Angel M. Marín a violation of Act No. 63 approved on April 28, 1931 (a misdemeanor), committed in the following manner:

"That the defendant, Angel M. Marín, prior to the date on which this information was filed, to wit, on April 6, 1937, in Arecibo, P. R., which is a part of the judicial district of the same name, illegally, wilfully, maliciously and criminally, had for sale and for purposes of human consumption, commercial almond oil adulterated with cotton-seed oil and other foreign oils, among them peach and apricot seed-oil.

"This act is against the law provided therefor and contrary to the peace and dignity of the 'People of Puerto Rico.'"

The defendant demurred to the information and the said demurrer was overruled before the trial. After the trial the defendant was convicted and sentenced to pay a fine of $25 or suffer a day in jail for every dollar that he failed to pay. One of the grounds of the demurrer was that the defendant was accused of having for sale almond oil when the statute speaks of selling. The exception would seem to be well taken, but in the briefs neither of the parties discusses this question.

Various are the grounds of demurrer, but the one most insisted upon by the appellant is that the information should not merely follow the words of the statute, and the appellant cites in extenso the opinion of this court in *People* v. *Wys,* 25 P.R.R. 473. The Fiscal on this particular point answers that the information does more than follow the words of the statute inasmuch as it sets out the facts constituting the crime in greater detail. If the defendant's idea is that the information is bad just because it followed the words of the statute, there is some merit to the contention of the district attorney.

However, in his brief the appellant says, among other things, that the information would have been sufficient if it had said:

"That the defendant, under the name of 'commercial almond oil' recognized by the United States Pharmacopoeia or National Formulary, if in fact such 'commercial almond oil' is recognized by either of the above authorities, sold a product which differed from the standard of strength, quality or purity, whichever the case may be, as determined by the test laid down in the formulary applicable *on the date the crime charged is alleged to have been committed,* which is the time of the investigation referred to in the act; or

"That the defendant sold commercial almond oil of a strength or purity inferior to or below the standard or quality (specifying the same) provided therefor."

This argument suggests rather than clearly brings forth the insufficiency of the information. What we find on examining the information is that it fails to set forth the facts that constitute adulteration but assumes them. The pleading should have set forth, as appellant suggests, that the commercial almond oil sold by him fell below the official standard of purity referred to in the Act, or ought to have stated that the addition of the substances mentioned in the information made the product fall below the professed standard or quality required. The information is insufficient.

At the trial the evidence tended to show that commercial amond oil should not have anything added to it, but this statement of an expert does not satisfy our minds that the addition of the drugs mentioned in the information would actually constitute adulteration under the Act. We only refer to these facts because we are not satisfied from said evidence that the defendant was guilty of the crime. In other words, we are not convinced that the addition of substances mentioned in the information would bring the mixture below a recognized standard. We do not find, moreover, that the Government clearly showed what the standard was, other than by saying that nothing should be added to commercial almond oil; nor did it show that the additions brought the drug within the ban of the statute. However, as we hold that the information is insufficient we need not further analyze the facts of the trial, but the judgment must be reversed and the defendant discharged.